# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5574 | **DATE** | 12/10/2003 |
| **CASE TITLE** | PATRICIA CLAYBORNE vs. DUPAGE COUNTY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: DuPage County's Rule 12(b)(6) motion to dismiss is denied. Status hearing set for 1/14/04 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC 11 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 16 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

PATRICIA CLAYBORNE, )
)
     **Plaintiff,** )
)
v. ) No. 03 C 5574
) Paul E. Plunkett, Senior Judge
DUPAGE COUNTY, )
)
     **Defendant.** )

DEC 11 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued DuPage County for its alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and the Age Discrimination in Employment Act, 29 U.S.C. 623, et seq. ("ADEA"). The County has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the amended complaint. For the reasons set forth below, the motion is denied.

### Facts

Plaintiff, a forty-five year old, African-American woman, was hired by the DuPage County Public Defender's Office as a criminal investigator on December 10, 2001. (Am. Compl. ¶ 3; Def.'s Mot. Dismiss, Ex. 1, 2/19/02 Charge Discrimination.) Though plaintiff performed her job satisfactorily, on February 5, 2002 she was terminated. (Am. Compl. ¶¶ 3, 5; id., Count I ¶¶ 6-9.) The PD hired a less-experienced, white male under the age of forty to replace her. (Id., Counts I-III ¶ 9.)

Plaintiff contends that she was terminated because of her age, sex, race and in retaliation for her complaints of discrimination.

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

Defendant contends that the PD's Office is an arm of the State of Illinois, not the County of DuPage. Thus, defendant says, it is shielded from this suit by the doctrine of sovereign immunity.

Whether the PD's Office is a state agency entitled to sovereign immunity is a question of federal law. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 n.5 (1997). "But that federal question can be answered only after considering the provisions of state law that define the agency's character." Id. In Johnson v. Halloran, 742 N.E.2d 741 (Ill. 2001), the Illinois Supreme Court held that the Cook County PD's Office was a county agency because the County has the power to appoint and remove the PD, pays the salaries of the PD and his assistants and clerks, defrays the expenses of the PD's Office and indemnifies the PD and his assistants for any judgments rendered against them for injuries they cause in the course of their duties. Id. at 743-44.

Halloran is distinguishable, the County argues, because DuPage County has fewer than 1 million residents, subjecting it to a different statutory scheme than that applicable to Cook County.[1] It is true that Illinois law distinguishes, in some respects, between PDs in smaller counties and those in larger ones. PDs in larger counties, for example, must have greater qualifications than those in smaller counties. Compare 55 ILL. COMP. STAT. 5/3-4004.2(a) with 55 ILL. COMP. STAT. 5/3-4001. Similarly, PDs in larger counties are required to devote themselves to the Office full-time, while PDs in smaller counties may, under certain circumstances, perform outside work. Compare 55 ILL. COMP. STAT. 5/3-4004.2(b) with 55 ILL. COMP. STAT. 5/3-4007(a). But those differences are irrelevant to determining whether a PD's Office is a state or county agency.

The vast majority of the characteristics that are relevant to that determination, however, are the same. Both the Cook and DuPage County PDs are paid from state and county funds. 55 ILL. COMP. STAT. 5/3-4007. Similarly, both counties are responsible for providing their respective PDs with suitable office space and for paying the PD Office expenses. 55 ILL. COMP. STAT. 5/3-4009. In addition, the salaries of the DuPage County Assistant PDs and other PD Office employees, like their Cook County counterparts, are paid exclusively by the county. 55 ILL. COMP. STAT. 5/3-4008, 5/3-4008.1. Moreover, both the Cook and DuPage County PDs are required to give regular reports of their activities to their respective County Boards. 55 ILL. COMP. STAT. 5/3-4010, 4010.1. Finally, each county must indemnify its PD and Assistant PDs for job-related judgments rendered against them. 55 ILL. COMP. STAT. 5/5-1003.

---

[1] According to the 2000 Census, the population of DuPage County is 904,161. U.S. CENSUS BUREAU 2000 DECENNIAL CENSUS DATA, available at www.factfinder.census.gov.

The only significant difference between the Cook and DuPage County PDs is that the County Board has the power to appoint and remove the former, while such power over the latter resides with the judges of the DuPage County Circuit Court. Compare 55 ILL. COMP. STAT. 5/3-4004.1 with 55 ILL. COMP. STAT. 5/3-4004. Like our colleague in Rockford, however, we do not find that single factor dispositive. See Moule v. Winnebago County, No. 03 C 51021, 2003 WL 22071572, at *1 (N.D. Ill. Sept. 5, 2003) (holding that Winnebago County PD's Office was a county agency because "most of the factors discussed as relevant [in Halloran are] equally applicable to public defenders outside of Cook County"). Because the DuPage County PD's Office is financed, indemnified and monitored by the County, it is a county, not a state, agency. Defendant's motion to dismiss on the grounds of sovereign immunity is, therefore, denied.

Even if it is not immune from suit, defendant says that the claims asserted against it must be dismissed because it was not named in, or notified of, plaintiff's EEOC charge until well after 300 days had elapsed. Though the DuPage County State's Attorney's Office, which represents the County, filed an appearance on behalf of the PD in connection with plaintiff's charge, the County says that is irrelevant. Because the County and the PD's Office are separate entities, the County argues, notice to the former does not constitute notice to the latter, even if they are represented by the same counsel.

That argument might have more force if the County had adhered to it throughout this litigation. But it hasn't. In its motion to dismiss plaintiff's initial complaint, the County successfully argued that the PD's Office, which was the only named defendant, was not an independent "governmental entity or agency" with the capacity to be sued. (See Def.'s Mot. Dismiss Compl. ¶

6.) Thus, plaintiff amended her complaint, substituting the County for the PD's Office as the defendant.

If, as the County insists, the PD's Office is not an independent legal entity, the State's Attorney was not representing the PD Office's, but its principal, the County, when it appeared before the Illinois Department of Human Rights in connection with plaintiff's charge of discrimination.[2] Because the County was the *de facto* charged party, had notice of the charge and the opportunity to participate in the conciliation process, plaintiff's failure to name the County in the charge is not fatal to her claims. Schnellbacher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989) (stating "an exception to the general rule that a party named in a Title VII suit must have been named in a previous EEOC charge exists where the unnamed party" has been given notice and the opportunity to participate in conciliation proceedings) (internal quotation marks and citation omitted).

The County also contends that plaintiff's complaint must be dismissed because it was not filed within 300 days of the allegedly discriminatory termination. The County's argument is based on a misreading of the relevant statutes. Both Title VII and the ADEA require claimants to file their charges of discrimination within 300 days of the allegedly discriminatory act, 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. §§ 626(d)(2), 633, a requirement with which plaintiff complied. (See Def.'s Mot. Dismiss Am. Compl., Ex. 1, 2/19/02 Charge Discrimination.) Plaintiff was not required to file her lawsuit, however, until ninety days after she received a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). One again, plaintiff complied, filing both her initial complaint,

---

[2] In fact, the same Assistant State's Attorney who filed an appearance on behalf of the PD's Office in connection with the discrimination charge has filed an appearance on behalf of the County in this suit. (See County Appearance Form; Pl.'s Resp. Mot. Dismiss Am. Compl., Ex. A, Dep't Human Rights Appearance Form.)

naming the PD's Office as a defendant, and her amended complaint, naming the County as a defendant, within ninety days of receiving the June 23, 2003 right to sue letter. (See Def.'s Mot. Dismiss Am. Compl. Ex. 2, 6/23/03 Letter to Clayborne from Ferguson.). Because plaintiff complied with the limitations periods set forth in both statutes, the County's motion to dismiss on limitations grounds is denied.

Finally, the County argues that plaintiff's claims should be dismissed because the PD's Office, not the County, is named in her right to sue letter. As discussed above, however, the PD's Office is an agency of the County that is not, by itself, a suable entity. The County, through its State's Attorney's Office, knew about the charge and, apparently, participated in the conciliation process. As a result, the right to sue letter, like the charge, encompasses plaintiff's claims against the County.

## Conclusion

For the reasons stated above, DuPage County's Rule 12(b)(6) motion to dismiss is denied.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: December 11, 2003