

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICIA CLAYBORNE, )
)
    Plaintiff, )
)
v. ) No. 03 C 5574
) Paul E. Plunkett, Senior Judge
DUPAGE COUNTY, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Patricia Clayborne ("Plaintiff") has sued DuPage County ("County") or ("Defendant") for its alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and the Age Discrimination in Employment Act, 29 U.S.C.§ 623, *et seq.* ("ADEA"). County has filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment claiming that as a matter of law County is not vicariously liable for the tortious acts of the DuPage County Public Defender ("PD") and the PD's employees. County claims that because the PD is neither its employee or its agent, it can not be held responsible for the PD's conduct. For the reasons set forth below, County's motion is denied.

### Facts

The following facts are undisputed unless otherwise noted. Plaintiff, a forty-five year old African-American woman, was hired by the DuPage County Public Defender's Office as a criminal investigator on December 10, 2001. (Am. Compl. ¶ 3; Def.'s Mot. Dismiss, Ex. 1, 2/19/02 Charge

Discrimination.) Plaintiff's supervisor was Alwin Farr, chief criminal investigator, who reported to the appointed Public Defender, Stephan Baker. (Def. Mot. Summ. J. at 2.) According to DuPage County procedure, Baker was elected by a majority of the vote of circuit court judges of the Eighteenth Judicial Circuit. (*Id.*) Baker had ultimate authority for personnel decisions within the Public Defender and criminal investigator offices. (*Id.*) Pursuant to 55 ILCS 5/3-4008, the salaries of employees of the PD's office were fixed by the County board and paid out of the County treasury. (Pl.'s Resp. Def.'s Mot. Summ. J. at 3.) Criminal investigators like Clayborne were also paid through the County treasury. (*Id.*)

Though Plaintiff claims that she performed her job satisfactorily, she was terminated on February 5, 2002. (Am. Compl. ¶¶ 3, 5; *id.*, Count I ¶¶ 6-9.) The PD hired a less-experienced, white male under the age of forty to replace her. (*Id.*, Counts I-III ¶ 9.) Plaintiff contends that she was terminated because of her age, sex, race and in retaliation for her complaints of discrimination.

On September 2, 2004, the DuPage County Public Defender's office, named as the original Defendant, filed a Rule 12(b)(6) motion to dismiss because the Public Defender's office was not a "suable entity." (Def.'s Mot. Dismiss ¶4.) As a result of this motion, Plaintiff moved to amend her complaint in order to correctly name the County, as opposed to the Public Defender's office, as the Defendant. (*Id.*) This Court granted Plaintiff's motion and after Plaintiff filed her amended complaint, Defendant filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). There, Defendant contended that County was the improper party because employees of the Public Defender's office were actually state employees, not county employees. (Def.'s Mot. D.¶8.) On December 11, 2003, this Court determined that because the DuPage County

Public Defender's Office is financed, indemnified and monitored by the County, the PD's office is to be considered a County agency, not a state agency. (Mem. and Order at 4.)

Despite this Court's ruling, Defendant now asserts that the County should not be vicariously liable for the tortious acts of the Public Defender, because there was not agency relationship between the County and the Public Defender and its employees. (Def.'s Mot. Summ. J. at 3; Def.'s Mem. in Supp. Mot. Summ. J. at 6.)  Plaintiff claims that because this Court has already made the determination that the Public Defender's office is a County agency, the County should be considered as vicariously liable for the torts of the Public Defender's office. (Pl.'s Resp. Def.'s Mot. Summ. J. at 1.)

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

## Discussion

Defendant contends that the PD's Office is an arm of the State of Illinois, not the County of DuPage and because judges appoint the PD, then it is they who should be vicariously liable for the PD's tortious actions. Defendant states that Plaintiff has failed to adequately show that the County and the PD and its employees were in an agency relationship. *Id.* at 6. Defendant contends that because personnel decisions in the PD's office are made solely by the Public Defender, not the County's human resources department, the Court should not consider Baker and his employees as County employees. *See generally Id.*

Thus Defendant claims that our reliance on case law in its December 11, 2003 order was misapplied. Defendant specifically notes that in *Johnson v. Halloran*, the PD's tort was committed in the course of representation of a client. Thus it differs from the instant case because here the victim was an employee of the PD. *Johnson v. Halloran*, 194 Ill.2d 493 (Ill. 2001). Also, County claims that our earlier ruling in this case stated Public Defenders must be regarded as a county *office*, rather than a county *agency*. Defendant avers that the use of the words "county office" instead of the words "county agency" are determinative. *Id.* We disagree. The distinctions Defendant highlights do not alter this Court's determination that the Public Defender's office is considered as a County agency or office.

In the first portion of its motion, Defendant essentially is asking this court to reconsider its ruling that held that the Public Defender's office is considered a County entity. However, a Rule 59 motion to reconsider must be filed within ten days of a final judgment, or if filed in excess of ten days, the motion will be considered as a Rule 60(b) motion, which is granted only in the most extraordinary instances. This motion is neither timely filed as a Rule 59 motion, nor does it merit

-4-

Rule 60(b) consideration, so reconsideration is not possible. Nevertheless, despite being time barred under Rule 59 and inappropriate under Rule 60, this request to reconsider that which we have already ruled upon lacks substantive merit. On December 11, 2003, we found that because County is financed, indemnified, and monitored by County, it shall be considered a county agency. Defendant reiterates its contentions brought forth in its Rule 12(b)(6) motion to dismiss and also adds that because the PD office's employment and disciplinary procedures differed from County's, PD's office should not be considered a County agency. We do not find these added facts persuasive. Furthermore, through analysis of all of the new facts presented, County's intricate entwinement with the PD's office is even more apparent. This entwinement is evidenced not only from the financing, indemnification and monitoring, but also from the letterhead used by PD's office that implies by each of their insignias that PD's office and County are connected. Furthermore, PD employees are funded by the County and upon their hire, they are issued a County Employee Handbook.

As previously discussed, whether the PD's Office is a state agency entitled to sovereign immunity is a question of federal law. *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429 n.5 (1997). The law of this case has already been determined. We have concluded that County is the employer, and therefore the principal, of the Public Defender's office. Defendant has not offered adequate support for this Court to determine otherwise. Therefore, the Court will adhere to its determination of the law of this case and hold the Public Defender's office as a County agency.

Defendant next claims it is not vicariously liable under a theory of *respondeat superior* because Plaintiff has not sufficiently established that an agency relationship existed between County and Plaintiff. Under *respondeat superior*, a plaintiff must show that a principal/agent relationship exists and that the agent committed a tort while acting in the scope of his employment. *Restatement*

*(Second) of Agency* § 219(1) (1958). Defendant contends that because Plaintiff has not established that Defendant and the Public Defender were in a principal/agent relationship there can be no vicarious liability. Plaintiff avers that because the Public Defender's office is a County agency, as determined by the law of this case, an agency relationship between the County and the PD's office is present.

"Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Restatement (Second) of Agency* § 1. An agency relationship is created by the conduct of the parties and is evident when the agent willingly consents to act on behalf of the principal, subject to the principal's control. *Id.* cmt. a.

Here, the County should be considered a principal of the PD's office. We have already established that the PD's office is a part of the County and the PD is subject to the control of the County, as seen through the County's payment of PD's office payroll, the regular reporting that is required of PD to the County Board, and the fact that the County is responsible for providing PD with suitable office space and funding office expenses. These facts, combined with all of the stated reasons in the December 11, 2003 Order, establish that a principal/agent relationship exists.

Although in its motion for summary judgment Defendant stops at claiming that Plaintiff failed to establish an agency relationship and therefore there is no vicarious liability, we will complete the *respondeat superior* analysis. As stated, under *respondeat superior*, a plaintiff must show that a principal/agent relationship exists and that the agent committed a tort while acting in the scope of his employment. *Restatement (Second) of Agency* § 219(1). The tort may be either negligent or intentional to impute liability to the employer. *Burlington Indus. v. Ellerth*, 524 U.S.

742, 755-56 (1998). Specifically, as in the instant case, harassment and retaliation are presupposed to be intentional conduct, and the employer will be liable when the employee's "purpose, however misguided, is wholly or in part to further the master's business." *Id.* (citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on Law of Torts* § 70, p. 505 (5th ed. 1984)). Furthermore, the Restatement deems an intentional tort to be within the scope of employment when it is committed, at least in part, to serve or further the employer's business, despite its illegality or violation of employer policy. *Restatement (Second) of Agency* § 219(1).

Here, as stated, the principal/agency relationship exists between the County and Plaintiff. When employees Baker and Farr discriminatorily terminated Plaintiff, as Plaintiff maintains they have done, they were acting within the scope of employment. Even though their conduct may have violated County policy and the law, their actions were taken to benefit the County in ensuring that the County's employees were acting properly and efficiently. In her complaint, Plaintiff has sufficiently alleged that she was a County employee, she was wrongfully terminated by the PD who was acting within the scope of his employment, and the County may be vicariously liable for the Public Defender's actions in order to survive summary judgment.

Lastly, Defendant relies on *Robinson v. Sappington*, where the Seventh Circuit determined that a county and state had joint fiscal responsibility for the tortious acts of a judge. 351 F.3d 317, 339 (7th Cir. 2003). There the county was found liable because they were financially responsible for judgments entered against judges. *Robinson v. Sappington*, 351 F.3d 317, 339 (7th Cir. 2003). Defendant claims in *Robinson* that while the county was found to be a necessary party to the lawsuit, the county was not determinatively considered as a principal that was vicariously liable for the torts of the judge. *Id.* The court declined to determine whether Macon county was a joint or individual

employer for the judge, they simply determined that because Macon County has a financial interest in the outcome of this action, it is a necessary party. *Id.* Defendant suggests that *Robinson* is analogous to the instant case.

We disagree. Here, Plaintiff has not failed to identify a tortfeasor that imputes liability to County, nor must we determine whether joint liability exists. We have previously determined County is the principal of the Public Defender's office and with that determination, Plaintiff has sufficiently established that County may be vicariously liable for the acts of the Public Defender. Therefore, drawing all inferences in Plaintiff's favor, we find that summary judgment is inappropriate.

### Conclusion

For the reasons stated above, DuPage County's Rule 56 motion for summary judgment has not established that they are entitled to judgment as a matter of law. Defendant's motion for summary judgment is, therefore, denied.

**ENTER:**

_[signature]_
**UNITED STATES DISTRICT JUDGE**

**DATED:** FEB 22 2005